UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINICK ANTONIO BATTS, | : | **CIVIL NO. 1:07-CV-1791** |
| | : | |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

On October 1, 2007, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petitioner pled guilty to armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a)(d) & 2 and use of a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) & 2. *Doc. 1, Exhibit A.*  On May 24, 1999, Chief Judge Boyle of the United States District Court for the Eastern District of North Carolina sentenced the petitioner to a total term of imprisonment of 138 months. *Id.*

The petitioner claims that Judge Boyle violated 18 U.S.C. § 4082(a) and the petitioner's due process rights by designating his place of confinement when designation of the place of confinement of a federal prisoner is within the authority of the attorney general.  He is seeking to have his case "remanded" to the sentencing court.  The petitioner also claims that the Bureau of Prisons has miscalculated his sentence.  He is seeking an order requiring the Bureau of Prisons to provide the court with an accurate sentence computation sheet.

The respondent[1] filed a response to the petition on October 31, 2007, and the petitioner filed a reply on November 16, 2007.

The respondent contends that the petition should be dismissed because the petitioner failed to exhaust administrative remedies.

---

[1] The petition named as respondents the Bureau of Prisons and the Warden at the United States Penitentiary at Allenwood (USP-Allenwood). Since the Warden is the proper respondent, by a separate order we have ordered that the Bureau of Prisons be dismissed as a respondent and that R. Martinez, the Warden of USP-Allenwood be substituted as the proper respondent.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).   The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue which relates to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, an inmate must first address his complaint to the institution staff member designated to receive such complaints within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4).  The Warden will

3

respond and an inmate who is not satisfied with the Warden's
response may appeal to the Regional Director within twenty days
of the date of the Warden's response. 28 C.F.R. § 542.15(a).
Finally, an inmate who is not satisfied with the Regional
Director's response may appeal to the General Counsel within
thirty days of the date of the Regional Director's response.
28 C.F.R. § 542.15(a).  "Appeal to the General Counsel is the
final administrative appeal." *Id.*

The respondent has submitted a declaration from K.
Michael Sullivan, a senior attorney at the Federal Correctional
Complex at Allenwood, Pennsylvania. *Doc. 9, Exhibit 1.*
Sullivan states that a review of Bureau of Prisons' records
indicate that the petitioner has not filed an administrative
remedy regarding his sentence computation. *Id.*  Sullivan notes
that the petitioner attached to his petition a copy of a letter
dated August 31, 2007 from Ron Riker, the acting section chief
of the Bureau of Prisons' Designation and Sentence Computation
Center. *Id.*  Sullivan notes that the letter from Riker was in
response to correspondence from the petitioner to the
Designation and Sentence Computation Center and that the letter
concludes by stating:

> Based on the review of available documents, no
> adjustment to your sentence computation is
> necessary at this time.  If you are not
> satisfied with this response, you may appeal
> through the established administrative remedy
> procedures.

*Id.*  Sullivan states that despite the instruction to the petitioner from Riker to appeal through the established administrative remedy procedures if not satisfied with his response, there is no record that the petitioner filed any administrative remedy applications regarding the computation of his sentence. *Id.*  Sullivan concludes that the petitioner has not exhausted available administrative remedies prior to filing his habeas petition. *Id.*

In his reply, the petitioner points to the letter from Riker as evidence that he has exhausted administrative remedies.  However, since the petitioner did not file an application for an administrative remedy through the established administrative remedy process, we conclude that the petitioner has not exhausted his administrative remedies with regard to his claim that the Bureau of Prisons has miscalculated his sentence.

5

The petitioner contends in his reply that his petition should be granted because the respondent has waived opposition to the petition by not addressing the merits of the petition. This argument is without merit as it was permissible for the respondent to argue that the petition be dismissed based on the petitioner's failure to exhaust administrative remedies.

To the extent that the petitioner is challenging his sentence, he may not present such a challenge by way of a 28 U.S.C. § 2241 habeas corpus petition without first showing that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The petitioner has not shown that his remedy by way of a § 2255 motion is inadequate or ineffective.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   November 21, 2007.

6